IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01582-BNB

DAVID J. HOVER,

    Plaintiff,

v.

JOHN HICKENLOOPER,
ROGER WERHOLTZ,
C.C.A. dba BENT COUNTY CORRECTIONAL FACILITY (Unknown Warden),
AMICK AND JENKS, INC. (Jeffrey Jenks, Corporate Partner),
WESTERN CLINICAL SERVICES (Unknown C.E.O.),
D.O.C. C/O TUPPER (in his personal and professional capacities),
D.O.C. C/O ALCORN (in his personal and professional capacities),
D.O.C. C/O BRUBAKER (in his personal and professional capacities),
D.O.C. UNKNOWN JOHN DOE,
C.C.A. C/O CHAVEZ (in his personal and professional capacities),
COMPASS GROUP (Unknown C.E.O.),
COMPASS ONE L.L.C. (Unknown C.E.O.),
CANTEEN SERVICES (Unknown C.E.O.), and
UNKNOWN COMPANYS [sic] AND OR CORPORATIONS
    contracting and/or subcontracting for/to D.O.C. and/or C.C.A. as medical
    providers from 2007 through 2013 at the Fremont Facility, Fort Lyons Facility,
    Bent County Facility (B.C.C.F.) and Sterling Facility,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, David Hover, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado. Mr. Hover filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 1983, and 18 U.S.C. §§ 4 and 1514(a) for money damages and injunctive and declaratory relief.

Mr. Hover has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court must construe liberally Mr. Hover's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hover will be ordered to file an amended complaint.

The caption to the Prisoner Complaint is confusing because Mr. Hover lists individuals or entities in parentheses after each named defendant, making it unclear whether he also is suing the individuals or entities included in the parentheses. Mr. Hover asserts nine claims, each of which is vague and conclusory, each of which fails to allege facts demonstrating personal participation of the named defendants, and some of which, such as claim six, contain acronyms he fails to explain. As a result, Mr. Hover's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Hover fails to provide a short and plain statement of his claims showing that he is entitled to relief. To the extent Mr. Hover contends the defendants have violated federal criminal statutes, he lacks standing to prosecute a criminal action. Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g.*, *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Therefore, Mr. Hoover must file an amended complaint if he wishes to pursue any claims in this action.

Mr. Hoover must identify, clearly and concisely and in plain language, who he is suing, the specific claims he is asserting, the specific facts that support each asserted claim, against which defendant or defendants he is asserting each claim, and what each defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the

3

defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Hover should name as defendants only those persons he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Hover must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for

> conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

See *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Hover may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Hover uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

In summary, Mr. Hover will be directed to file an amended complaint with a clear caption that states his claims clearly and concisely, asserts what constitutional rights were violated, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. He must not set forth an unnecessary discussion of insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon

which relief can be granted upon any legally sustainable basis." *Id.*

Accordingly, it is

ORDERED that Plaintiff, David Hover, file **within thirty days from the date of this order** an amended Prisoner Complaint that complies with the directives of this order.  It is

FURTHER ORDERED that Mr. Hover shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and shall use that form in submitting the amended complaint.  It is

FURTHER ORDERED that if Mr. Hover fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.  It is

DATED June 26, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge